
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUADALUPE DIAZ GODOY, AKA Bartolo Valencia, | No.    16-73588 |
| Petitioner, | Agency No. A206-412-042 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2020**
Pasadena, California

Before:  RAWLINSON, CLIFTON, and BRESS, Circuit Judges.

Guadalupe Diaz Godoy (Diaz) petitions for review of a decision from the

Board of Immigration Appeals (Board) dismissing Diaz's appeal of the denial of

his application seeking deferral of removal under the Convention Against Torture.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, we deny the petition for review. *See Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) (explaining that to grant relief under the substantial evidence standard of review, the evidence must compel a conclusion contrary to that reached by the agency).

Substantial evidence supported the agency's finding that Diaz failed to establish that he more likely than not would suffer torture upon removal to Mexico. It is undisputed that no past torture existed. However, Diaz asserted fear of future torture by the Knights Templar (Templars), for two reasons: (1) Diaz's relatives joined militias in opposition to the Templars to defend his hometown of La Ruana; and (2) Diaz lost drugs allegedly belonging to the uncle of one of the Templars.

Diaz's general allegations of torture committed in Mexico were insufficient to meet his burden to establish that he, specifically, would suffer torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Although the Templars killed one of Diaz's relatives due to that relative's participation in militias that opposed the Templars, Diaz never indicated any intent to join a militia if removed to Mexico. In addition, no evidence was presented that any Diaz family member received threats or was killed for merely being related to a militiaman. And Diaz's representation of future torture by the Templars based on his loss of

2

drugs was mere speculation.  *See Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835-36

(9th Cir. 2011) (noting that a speculative claim did not compel reversal of the

agency's decision).

Substantial evidence also supported the finding that public officials would

not acquiesce in or remain willfully blind to Diaz being tortured.  The record

reflected that local police investigated the death of Diaz's relative, and the

government sent resources to La Ruana to investigate potential criminal violations

committed by the Templars and by militiamen.  *See Nahrvani v. Gonzales*, 399

F.3d 1148, 1154 (9th Cir. 2005) (holding that the evidence did not compel the

conclusion of government acquiescence when the police investigated "reports of

mistreatment").  We have carefully considered Diaz's other arguments and

conclude that they are without merit.

**PETITION DENIED.**